UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 09-61935-fra7 |
| DEVON MICHAEL ABBLITT, | ) |
| | ) |
|                    Debtor. | ) |
| | ) Adversary Proceeding |
| COMMERCIAL AND RESIDENTIAL | ) |
| MAINTENANCE, Inc., | ) No. 09-6094-fra |
| | ) |
|                    Plaintiff, | ) |
|    vs. | ) |
| | ) |
| DEVON MICHAEL ABBLITT, | ) MEMORANDUM OPINION[1] |
| | ) |
|                    Defendant. | ) |

     Plaintiff filed a Complaint objecting to the discharge of a debt owed to it by Debtor/Defendant, pursuant to 11 U.S.C. §§ 523(a)(2), (4), (6) and/or (7), and the Defendant filed an Answer denying its nondischargeability. Plaintiff thereafter filed a motion for summary judgment. Neither party having asked for oral argument, the Court will decide the matter without hearing. I find that there are no material contested facts and, for the reasons that follow, Plaintiff's motion will

---

[1] This disposition is not intended for publication.

Page 1 - MEMORANDUM OPINION

be granted.

## FACTS

The Defendant was employed by the Plaintiff, dba C & R Maintenance, and was in charge of inventory and purchasing. Between January and July 2005, Defendant ordered goods and equipment from various sources on Plaintiff's account and converted them to his own benefit. In July 2005, Defendant was arrested and admitted to the unauthorized purchases for his own benefit.

On July 19, 2005, the Jackson County District Attorney filed an indictment against Defendant for aggravated theft in the first degree. Defendant pleaded guilty on September 19 of that year and was convicted of theft in the first degree on that date. The Jackson County Circuit Court, as part of its sentencing, ordered Defendant to pay restitution to Plaintiff in the amount of $23,714.36.

On July 27, 2005, Plaintiff filed a civil complaint in Jackson County Circuit Court for fraud, conversion, unjust enrichment, and for ORICO violations.[2] Defendant failed to appear and a general money judgment in the amount of $63,792.33 was entered on October 5, 2005 on Plaintiff's motion for default judgment. The judgment is based on ORICO violations which provide for three times the actual damages pursuant to ORS 166.725(7)(a). Defendant filed a chapter 7 bankruptcy petition in this court on April 21, 2009.

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings,

---

[2] Oregon Racketeer Influenced and Corrupt Organizations Act, ORS 166.715 - 735.

Page 2 - MEMORANDUM OPINION

depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326-27 (1986).

// // //

// // //

// // //

// // //

Page 3 - MEMORANDUM OPINION

Case 09-06094-fra    Doc 25    Filed 12/21/09

## DISCUSSION

Defendant concedes that the court-directed restitution claim based on actual damages is nondischargeable under 11 USC § 523[3], but disputes the viability of the civil judgment of treble damages awarded for Plaintiff's ORICO claim. Defendant argues that the default judgment is void, as the treble-damage ORICO claim had not yet accrued when the civil action was filed, thus depriving the Circuit Court of subject matter jurisdiction.

A. <u>Subject Matter Jurisdiction of Circuit Court</u>

Oregon Circuit Courts "have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction." <u>Oregon v. Daniel</u>, 222 Or.App. 362, 368, 193 P.3d 1021, 1025 (2008)(internal citation omitted). "Subject matter jurisdiction depends on whether a court has constitutional or statutory authority to make an inquiry." <u>Matter of Marriage of Watanabe</u>, 140 Or.App. 85, 88, 914 P.2d 701, 702 (1996). A judgment issued from a court lacking subject matter jurisdiction is said to be void and is subject to collateral attack. However, "when a trial court has both subject-matter and personal jurisdiction, a judgment issued in excess of the court's authority is voidable, not void." <u>Oregon v. McDonnell</u>, 343 Or. 557, 562, 176 P.3d 1236, 1240 (2007). <u>See also</u> <u>Wood v. White</u>, 28 Or.App. 175, 178-79, 558 P. 2d 1289, 1291 (1977) ("[T]here is a fundamental distinction between the absence of jurisdiction and the erroneous exercise of that

---

[3] Bankruptcy Code § 523(a)(4) provides for nondischargeability of debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," which would encompass the restitution award based on the criminal judgment for theft in the first degree.

Page 4 - MEMORANDUM OPINION

jurisdiction."). A voidable judgment is subject only to direct attack. <u>Oregon v. McDonnell</u> at 562.

B. <u>The ORICO Action</u>

ORS 166.725(7)(a) reads as follows:

> (7)(a) Any person who is injured by reason of any violation of the provisions of ORS 166.720 (1) to (4) shall have a cause of action for three-fold the actual damages sustained and, when appropriate, punitive damages:
>
>> (A) If a criminal conviction for the racketeering activity that is the basis of the violation has been obtained, any rights of appeal have expired and the action is against the individual convicted of the racketeering activity; or
>>
>> (B) If the violation is based on racketeering activity as defined in ORS 166.715 (6)(a)(B) to (J), (K) as it relates to burglary and criminal trespass, (L) to (P), (S), (T), (U), (V), (X) to (Z), (AA) to (DD), (KK), (LL) or (OO) to (VV).

Defendant argues that the ORICO action was filed prematurely because it was filed prior to Defendant's September 19, 2005 conviction for first degree theft, and that the court was thus deprived of subject matter jurisdiction. Plaintiff counters that the actual civil judgment was not obtained until <u>after</u> the conviction and the requirements of ORS 166.725(7)(a)(A) were thus met. Moreover, Plaintiff states, the complaint filed in Circuit Court listed independent instances of racketeering conduct, thus allowing the filing of the ORICO complaint under subsection (B).

The arguments and counter-arguments discussed above are not "disputed material facts," but, rather, questions of interpretation of law based on undisputed facts. As such, the issues are amenable to resolution in the context of this summary judgment proceeding. The

Page 5 - MEMORANDUM OPINION

question of whether the ORICO action can be filed prior to conviction if the judgment itself is obtained after conviction seems to be one that Oregon courts have not yet decided. In dicta, however, the Oregon Supreme Court has stated that the phrase "has been obtained" states a condition that must exist when a plaintiff files an ORICO claim. <u>Black v. Arizala</u>, 337 Or. 250, 271, 95 P.3d 1109, 1119-20 (2004).

It is true, as Plaintiff claims, that it listed in its state-court complaint at ¶ 16 independent instances of conduct constituting racketeering as defined under ORS 166.715(6). Two of those offences, ORS 165.007 and 165.013, both relating to forgery, are found at ORS 166.715(6)(a)(P), thus providing the alternate basis for filing the ORICO action under ORS 165.725(7)(a)(B). Because I find that the ORICO claim was properly filed under subsection (B) of ORS 165.725(7)(a) and that, in any case, the Plaintiff had subject matter jurisdiction over the ORICO claim when it was filed, it is not necessary to determine whether the claim was properly filed under subsection (A).

C. <u>The Circuit Court Had Subject Matter Jurisdiction</u>

Even if I were to find that the complaint filed in the Jackson County Circuit Court had been filed prematurely,[4] that in itself would not be sufficient to find that the Circuit Court lacked subject matter jurisdiction over the ORICO claim. The Circuit Court had jurisdiction over the ORICO claim when it was filed and had the statutory and constitutional authority to make an inquiry into the merits of the claim.

---

[4] Which I do not, as the ORICO claim was based, at least partially, on forgery under ORS 165.007 and 165.013, which allows for the filing of a civil complaint prior to or in the absence of conviction.

Page 6 - MEMORANDUM OPINION

If the claim had not yet accrued under the ORICO provisions, it was up to the Defendant to bring that to the attention of the court through a motion to dismiss or an affirmative defense. Once the Circuit Court obtained subject matter and personal jurisdiction, any judgment awarded in excess of the court's jurisdiction would render the judgment voidable, not void. As such, it would not be, and is not, subject to collateral attack in this court or in any other.

D. <u>ORICO Judgment is Nondischargeable</u>

The Court of Appeals for the Ninth Circuit, in a case involving nondischargeability under Code §523(a)(2)(A), stated that

> The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute [28 U.S.C. 1738], which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States...as they have by law or usage in the courts of such...state from which they are taken.

<u>Gayden v. Nourbakhsh (In re Nourbakhsh)</u> 67 F.3d 798, 800 (9th Cir. 1995).

Oregon courts give collateral estoppel effect to prior judgments when the issues in the two proceedings are identical, were actually litigated and were essential to a final decision in the prior proceeding. <u>Nelson v. Emerald Peoples' Utility District</u>, 318 Or 103, 104, 862 P.2d 1293 (1993). The party subject to preclusion must have been a party in the prior case, or in privity with a party, and must have had a full and fair opportunity to be heard on the issue. <u>Id</u>.

Under Oregon law, the issues in a case resulting in a default judgment are deemed to be fully litigated, and judgments entered in such

Page 7 - MEMORANDUM OPINION

cases "have the same solemn character as judgments entered after trial." *See* Watson v. State, 71 Or. App. 734, 738, 694 P.2d 560, 562, *rev. withdrawn* 299 Or. 204, 701 P.2d 434 (1985). A default judgment establishes the truth of all material factual allegations contained in the complaint. Kershner v. Smith, 121 Or. 469, 256 P. 195 (1927), State ex rel Nilsen v. Cushing, 253 Or. 262, 265, 453 P.2d 945 (1969), Rajneesh Foundation International v. McGreer, 303 Or. 139, 142, 734 P.2d 871, 873 (1987). Under In re Nourbakhsh, 67 F.3d 798 and 28 U.S.C. 1738, the same standard is applied by this court with respect to the default judgment entered against Defendant.

The exception from discharge for debts from embezzlement or larceny under Code § 523(a)(4) "excepts from discharge debts resulting from the fraudulent appropriation of another's property, whether the appropriation was unlawful at the onset, and therefore a larceny, or whether the appropriation took place unlawfully after the property was entrusted to the debtor's care, and therefore was an embezzlement." 4 Collier on Bankruptcy ¶ 523.10[2] (15th ed. rev'd 2008).

The Jackson County complaint upon which the default judgment is based alleged that the Defendant ordered goods and equipment on Plaintiff's account and converted those items to his own personal use. This constitutes either embezzlement or larceny under § 523(a)(4). Moreover, the Defendant pleaded guilty to, and was convicted of, aggravated theft in the first degree. A person commits "theft," as defined at ORS 164.015, when, "with intent to deprive another of property or to appropriate property to the person or to a third person, the person: (1) Takes, appropriates, obtains or withholds such property from

Page 8 - MEMORANDUM OPINION

the owner thereof; . . . ." This matches the definition of larceny or embezzlement for purposes of Bankruptcy Code § 523(a)(4). As the ORICO judgment is based on the same actions for which the Defendant was convicted in the criminal action and for which restitution was ordered, it follows that the ORICO judgment is likewise nondischargeable.

CONCLUSION

For the reasons given, the default judgment awarded to Plaintiff by the Jackson County Circuit Court in the amount of $63,792.33 plus reasonable attorney fees and costs, is nondischargeable under 11 USC § 523(a)(4). The attorney for Plaintiff should submit an order granting its motion for summary judgment and a form of judgment consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Bankruptcy Judge